IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS REYES,<br><br>             Plaintiff,<br><br>   v.<br><br>R. GROUNDS; G.ELLIS; M. SEPULVEDA; L. LUZADA; L. FERNANDEZ; Z. AHMED;<br><br>             Defendants.<br>_____ / | No. C 12-0704 WHA (PR)<br><br>**ORDER DENYING MOTIONS TO DISMISS AND TO AMEND; SCHEDULING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART EXTENSION OF TIME**<br><br>(Docket Nos. 18, 24, 25) |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison, Soledad, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. Following a review of the complaint under 28 U.S.C. 1915(a), the allegations that defendants caused plaintiff to receive inadequate medical care were found, when liberally construed, to state a cognizable claim for relief, and service was ordered upon defendants R. Grounds, G. Ellis, M. Sepulveda, L. Luzada, L. Fernandez, and Z. Ahmed. was ordered upon defendants and dispositive motions were scheduled. Defendants have filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a cognizable claim for relief. Plaintiff has filed an opposition, and defendants have filed a reply brief. For the reasons discussed below, the motion to dismiss is **DENIED**. Plaintiff's motion to amend his complaint is **DENIED** as unnecessary, and defendants' motion for an extension of time is **GRANTED** to the

extent outlined in the schedule for summary judgment motions set forth below.

## ANALYSIS

A. **STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the

2

light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B.    ANALYSIS**

In the order of service, it was already determined plaintiff's claims against defendants are, when liberally construed, cognizable. Defendants present three meritless arguments in support of their motion. First they argue that certain defendants cannot be held liable because all they did was deny plaintiff's administrative appeals. It is true that the denial of such appeals does not by itself constitute a violation of any constitutional right insofar as there is no constitutional right to any administrative grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). It is alleged here, however, as defendants are well aware based on the statement of facts in their motion, that by denying such appeals, defendants denied medical care that plaintiff alleges was sorely needed. Thus, it is for the denial of medical care that defendants may be held liable, not simply for denying administrative appeals.

Secondly, defendants argue that defendant Grounds, the prison Warden, cannot be held liable because he had no authority to overrule the decisions of medical personnel at the prison. This argument rests upon evidence outside of the complaint, which of course cannot be considered in deciding a motion to dismiss under Rule 12(b)(6). The complaint itself alleges that Grounds is the supervisor of the other defendants and that he was involved in denying plaintiff's administrative appeals of his medical care. Based upon that allegation, it is at least plausible that he had the authority to overrule the decisions of his subordinates, including medical decisions to the extent they were based upon financial or other prison policies.

1  Defendants may have evidence that Grounds had no authority to overrule the medical
2  professionals' decisions regarding plaintiff's medical care. They may present such evidence in
3  support of a summary judgment motion or at trial, but it may not be considered at this stage.
4  This argument fails.

5  Third, defendants argue that plaintiff has not alleged facts that would amount to their
6  deliberate indifference to his medical needs, as is required to establish a violation of his Eighth
7  Amendment rights. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff alleges that he
8  suffers from fibromyalgia and after he underwent surgery on his left hand and suffered from
9  acute pain, defendants failed to provide follow-up care following including physical therapy,
10 care by a specialist, and sufficient pain medication. These allegations, when taken as true and
11 liberally construed, as must be done at this stage, have already been determined to state a
12 "plausible" claim that defendants were deliberately indifferent to his serious medical needs.
13 Furthermore, defendants are not entitled to qualified immunity because failing to provide
14 medical care following surgery to a prisoner who suffers from nerve damage and is in acute
15 pain, which must be assumed at this stage, could not reasonably be understood to be lawful. *See*
16 *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (qualified immunity protects state actors from
17 liability if their conduct does not violate clearly established rights of which a reasonable person
18 would have known). Consequently, this argument fails as well.

19 Plaintiff has filed a motion to file an amended complaint in order to "correct defects
20 alleged by defendants" from his original complaint. As the defects argued by defendants are
21 not in fact defects, there is no need for plaintiff to amend in order to correct them.
22 Consequently, his motion will be denied as unnecessary. Defendants' motion for an extension
23 of time to file an answer and summary judgment motion is granted but only to the extent
24 outlined in the schedule below.

25 **CONCLUSION**

26 1. Defendants' motion to dismiss (dk. 18) is **DENIED**. Plaintiff's motion to amend is
27 **DENIED** and defendants' motion for an extension of time is **GRANTED IN PART** (dkt. 24, 25).

28

4

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than ninety-one days from the date this order is filed, defendants shall file a motion for summary judgment. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the summary judgment motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than fifteen days after the date the opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

**IT IS SO ORDERED.**

Dated: January  17 , 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\REYES0704.MTD12b6.wpd

5

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.