UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS REYES,

              Plaintiff,

    v.

R. GROUNDS, et al.,

              Defendants.

Case No.  12-cv-0704-JST (PR)

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 45

United States District Court
Northern District of California

       Plaintiff, a California prisoner proceeding pro se and currently incarcerated at Chuckawalla Valley State Prison, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights when he was incarcerated at the Correctional Training Facility ("CTF").  Plaintiff alleges that Dr. Ahmed, G. Ellis and Dr. Sepulveda ("defendants"), were deliberately indifferent to plaintiff's serious medical needs.  He alleges that Dr. Ahmed denied plaintiff morphine and physical therapy to treat his pain after wrist surgery, and Ellis and Dr. Sepulveda denied plaintiff's inmate appeals.  Now before the court is defendants' motion for summary judgment.  Plaintiff filed an opposition and defendants have filed a reply.

### FACTUAL BACKGROUND[1]

       Plaintiff first complained of wrist pain in April 2008, regarding a fracture from several years before that had healed on its own.  (Defendants Undisputed Facts ("DUF") Dkt. No. 45-2 at ¶ 10.)  On March 3, 2009, an orthopedic surgeon treated the fracture with a temporary prescription of morphine and a cast and warned that surgery may be required.  (DUF ¶ 12.)  Plaintiff's wrist was X-rayed on May 7, 2009, he was prescribed Tylenol with codeine, and a consult with a hand

---

[1]  The following facts, unless otherwise noted, are undisputed.

surgeon was ordered.  (DUF ¶¶ 14-15.)  Plaintiff underwent wrist surgery on July 9, 2009, and was provided a six-week prescription for Tylenol with codeine.  (DUF ¶¶ 18-19.)  A second wrist surgery occurred on October 8, 2009, and plaintiff was again provided Tylenol with codeine. (DUF ¶¶ 23-24.)

Plaintiff was transferred to CTF on September 18, 2009.  (DUF ¶ 25.)  Defendant Dr. Ahmed is a general practitioner at CTF.  (DUF ¶ 26.)  Dr. Ahmed first met plaintiff on October 13, 2009, for a follow-up appointment following the second wrist surgery.  (DUF ¶ 27.)  Plaintiff stated the Tylenol with codeine did not control the pain, so Dr. Ahmed ordered morphine and advised plaintiff to perform finger exercises to help the recovery process.  (*Id.*)  The hand surgeon saw plaintiff and noted that there was no infection and that plaintiff was healing well and he prescribed morphine for three to four weeks.  (DUF ¶¶ 28-29.)  On November 10, 2009, Dr. Ahmed saw plaintiff and prescribed two more weeks of morphine and demonstrated physical therapy movements for plaintiff to complete on his own.  (DUF ¶ 30.)

Inmates are required to take narcotics such as morphine in the presence of medical personnel.  (DUF ¶ 32.)  Inmates frequently feign swallowing pills and attempt to hide them under their tongues or cheeks to save for later to sell or abuse.  (DUF ¶ 33.)  This is known as "cheeking."  (*Id.*)  When an inmate is caught cheeking, prison guidelines prohibit doctors from prescribing misused medication to that inmate without significant justification.  (DUF ¶ 40.)  Prison officials also use extra caution when an inmate has a history of drug abuse.  (DUF ¶ 38.)  Plaintiff has a history of drug abuse.  (DUF ¶ 44.)

On November 12, 2009, plaintiff arrived at the medical center to take his morphine pill under the supervision of a nurse who is not a defendant in this case.  (DUF ¶ 45.)  The nurse stated that she gave plaintiff the pill and a glass of water and instructed him to swallow the pill, yet when he was instructed to open his mouth she observed the pill under his tongue.  (*Id.*)  She ordered him to return the pill, but he immediately swallowed it and the nurse noted this in his file and alerted the proper administrators.  (*Id.*; Motion for Summary Judgment ("MSJ"), Exh. C at 38.)  Plaintiff states that defendants' account of the cheeking incident is not accurate and that defendants did not

United States District Court
Northern District of California

1   properly investigate the incident.  (Opposition, Dkt. No. 49 at 5.)  He states that he had difficulty

2   swallowing the pill and that it was the pill coating, not the pill, that was under his tongue.

3   (Opposition at 9.)

4           After this incident, doctors no longer prescribed plaintiff morphine.  Instead they

5   prescribed Tylenol with codeine, which plaintiff states was not effective, leading doctors to

6   provide naproxen, an alternative pain medication.  (DUF ¶ 48.)  Plaintiff's medical records do not

7   reflect any complaints or requests for care from November 30, 2009, to October 28, 2010.  (DUF ¶

8   51.)  He was regularly treated by doctors during this time and received supervised physical therapy

9   on August 11, September 16, September 29, October 6 and October 13, 2010.  (MSJ, Exh. B at

10  197-203.)

11          On October 28, 2010, plaintiff filed a grievance regarding improper pain management.

12  (DUF ¶ 51.)  Plaintiff stated that he had completed five sessions of physical therapy, but his hand

13  still hurt and he needed something for the pain and wanted compensation.  (MSJ, Exh. E at 88.)

14  Inmate grievances initially receive an informal response, which the inmate may appeal to the first

15  level of review and then to the second level and director's level if the inmate is not satisfied.

16  (DUF ¶ 53.)  In this case, officials bypassed the informal level and immediately issued a first level

17  opinion.  (DUF ¶ 54.)  In preparation for the first level opinion, a nurse at CTF interviewed

18  Plaintiff.  She denied him stronger medication and informed him that he should discuss his issues

19  with his primary care physician.  (MSJ, Exh. E at 89.)  Plaintiff appealed the first level decision to

20  the second level, and again requested stronger pain medication and a second medical opinion.

21  (DUF ¶ 58.)

22          Defendant Dr. Sepulveda was the chief medical executive at CTF and defendant Ellis was

23  the chief executive officer at CTF.  (DUF ¶ 59.)  Dr. Sepulveda and Ellis issued a second-level

24  response to plaintiff's grievance.  (MSJ, Exh. E at 90-91.)  Dr. Sepulveda reviewed plaintiff's

25  medical records, interviewed him and found that plaintiff's wrist was stable.  (DUF ¶¶ 60-61.)

26  Plaintiff was prescribed Tylenol with codeine, but no morphine.  (MSJ, Exh. E at 90.)

27          On December 30, 2010, plaintiff underwent a third wrist surgery and was provided Tylenol

28

3

with codeine to treat any pain.  (DUF ¶ 80.)  On January 7, 2011, plaintiff had a follow up appointment for the surgery and denied any pain or discomfort.  (MSJ, Exh. B at 189.)  Defendant Dr. Ahmed saw plaintiff on January 13, 2011, and observed that the wound had healed; plaintiff could make a grip and did not have any swelling, but chose to continue the Tylenol with codeine.  (DUF ¶ 83.)

On March 30, 2011, Dr. Ahmed treated plaintiff, who indicated he was happy with the Tylenol with codeine to control the pain.  (DUF ¶ 87.)  On July 19, 2011, plaintiff requested stronger pain medication, despite no new injury, but Dr. Ahmed continued with the Tylenol with codeine.  (DUF ¶ 88.)  On October 27, 2011, plaintiff asked for morphine which was denied by Dr. Ahmed partly due to the cheeking incident, and instead Dr. Ahmed discontinued the Tylenol with codeine and provided indomethacin.  (DUF ¶ 90.)  On November 22, 2011, Dr. Ahmed treated plaintiff, who again requested morphine, but Dr. Ahmed provided a combination of NSAIDs and Elavil to treat the pain.  (DUF ¶ 93.)  Plaintiff's wrist was X-rayed in December 2011, and was within normal limits.  (DUF ¶ 96.)  Plaintiff requested a discussion concerning his X-ray, so on February 9, 2012, Dr. Ahmed conducted an examination of plaintiff's wrist and noted a healed scar, full range of motion and no tenderness.  (DUF ¶ 100.)   Dr. Ahmed also adjusted plaintiff's pain medication; added an antidepressant; referred plaintiff to a psychologist to address any mental issues that may have been affecting his pain level; and suggested he continue with self-physical therapy.  (*Id.*)  On February 29, 2012, plaintiff transferred to another prison where he continued to request morphine, despite no new injuries or operations.  (DUF ¶¶ 101, 124-32.)

In response to this litigation, defendants obtained an independent medical evaluation by Dr. Bruce Barnett who reviewed the relevant evidence and medical files.  Dr. Barnett currently works as the chief medical officer for the California Prison Health Care Services.  (DUF ¶ 66.)  Dr. Barnett concluded that plaintiff "ha[d] not manifested and did not suffer any injury as a result of medical services he alleges were provided or not provided by . . . defendants in regards to his left hand and wrist" at any relevant time; that plaintiff never needed stronger pain medication than what prison personnel had given him; and that plaintiff had received appropriate medical care

United States District Court
Northern District of California

consistent with community standards for best medical practices.  (MSJ, Exh. I at 165.)

DISCUSSION

## I.    Standard of Review

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See id.

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Id.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  See id. at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party.  See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).  The court's function on a summary judgment motion is not to make credibility

United States District Court
Northern District of California

determinations or weigh conflicting evidence with respect to a disputed material fact.  See T.W.
Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987).

## II.     Analysis

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104).  The "existence of chronic and substantial pain [is an] . . . indication[] that a prisoner has a 'serious' need for medical treatment."  Id. at 1060.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

A showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v.

Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctor chose was medically unacceptable under the circumstances and that he chose this course in conscious disregard of an excessive risk to plaintiff's health.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

After reviewing the evidence and pleadings of the parties and viewing the evidence in the light most favorable to plaintiff, there is no genuine dispute as to any material fact and the defendants are entitled to judgment as a matter of law.[2]  The undisputed facts demonstrate that Dr. Ahmed adequately treated plaintiff's wrist injury and complaints of pain.  Plaintiff argues that morphine was the only sufficient means to treat his pain and that defendants were deliberately indifferent in eventually ceasing to provide it.  It is undisputed prison personnel, including Dr. Ahmed, provided morphine on various occasions for more than a month, but eventually discontinued it due to the cheeking incident.

Even assuming that plaintiff had not been cheeking – and plaintiff denies that he was – he has still failed to provide sufficient evidence of medical indifference to survive summary judgment.  It is undisputed that the prison provided plaintiff with Tylenol with codeine for pain, and that the prison changed his pain medication when plaintiff complained it was insufficient.  Dr. Ahmed also referred plaintiff to a psychologist to address his pain.  When plaintiff continued to complain of pain and the need for morphine, despite no recent injury or procedures, Dr. Ahmed ordered X-rays that revealed plaintiff's wrist to be within normal limits.  There were also several other occasions when plaintiff was seen by doctors and plaintiff denied any pain or discomfort,

_____

[2] Defendants contend that plaintiff did not have a serious medical need, yet for purposes of this motion the court will assume that plaintiff's complaints of pain qualify as a serious medical need. Regardless, defendants were not deliberately indifferent.

such as on January 7 and January 13, 2011, soon after his third surgery.  The doctors also noted that plaintiff's surgery wound had healed, that plaintiff could make a grip, and that he did not have any swelling.  On March 30, 2011, plaintiff also stated that the Tylenol with codeine was able to control his pain.

Plaintiff's disagreement with defendants' medical decisions, without more, does not establish deliberate indifference.  See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim").  Plaintiff fails to provide evidence that defendants' decisions were medically unacceptable or that defendants denied plaintiff morphine in conscious disregard of plaintiff's health, especially as he was provided various other pain medications and treatment.  At his deposition, plaintiff conceded that Dr. Ahmed treated his wrist and provided medication for the pain and physical therapy.  (MSJ, Exh. C at 43-49, 62.)

Defendants have presented a great deal of evidence in their motion for summary judgment, but plaintiff has neglected to address most of defendants' evidence and arguments.  In his opposition, plaintiff argues that defendants were deliberately indifferent to his serious medical needs for failing to further investigate the cheeking incident.  None of the defendants in this case were involved in accusing plaintiff of cheeking, and he has not shown that their failure to investigate the incident while they continued to provide plaintiff pain medication and medical treatment violated the Eighth Amendment.

Plaintiff also fails to address the other allegations that were discussed in the motion for summary judgment.  Plaintiff alleged that he did not receive physical therapy, though the undisputed facts show that he did receive supervised physical therapy on many occasions and also was shown self-physical therapy.  To the extent plaintiff argues he did not receive physical therapy after the third surgery, he has not shown that either he requested it or that it was required, and he

has not shown that the self-physical therapy was insufficient.  Nor has plaintiff shown a disputed material fact with respect to his conclusory allegations that he was not treated for fibromyalgia or nerve damage.  None of the medical records indicate any fibromyalgia or nerve damage that defendants could have treated, and no medical care provider has ever told plaintiff that he suffers from fibromyalgia – he only knows about fibromyalgia because he read about it in a book.  (MSJ, Exh. C at 60-61.)[3]

The only allegations against defendants Dr. Sepulveda and Ellis are that they denied plaintiff's inmate grievance concerning the medical care he received from Dr. Ahmed.  As there was no constitutional violation in Dr. Ahmed's treatment, these defendants cannot have been deliberately indifferent.  Finally, in support of the motion for summary judgment, defendants provide the independent medical opinion of Dr. Barnett, who reviewed the medical records and concluded that plaintiff received appropriate and compassionate medical care and did not require morphine.  Plaintiff produces no evidence to dispute this conclusion or the evidence supporting it.  His claim of a need for morphine is based entirely on self-diagnosis and has no medical support.  Plaintiff conceded that he has no training in the medical filed or in pain management and no doctor or medical professional has ever stated that he received improper medical care.  (MSJ, Exh. C at 38-39.)  This evidence is insufficient to show any unmet medical need, much less deliberate indifference.  Parlin v. Sodhi, 10-6120 VBF MRW, 2012 WL 5411710 (C.D. Cal. Aug. 8, 2012) ("At its core, Plaintiff's claim is that he did not receive the type of treatment and pain medication that he wanted when he wanted it. His preference for stronger medication – Vicodin, Tramadol, etc. – represents precisely the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation"), report and

---

[3] Plaintiff did not have the symptoms of fibromyalgia as it involves body-wide pain and he complained of pain only in his wrist.  (MSJ, Exh. I at 14.)

United States District Court
Northern District of California

recommendation adopted, CV 10-6120 VBF MRW, 2012 WL 5409833 (C.D. Cal. Nov. 5, 2012);

Womack v. Bakewell, 2:10-CV-2778 GEB DAD, 2013 WL 3148467 (E.D. Cal. June 19, 2013)

("In this regard, plaintiff's disagreement with defendants about the type and strength of his pain

medication does not reflect a conscious disregard of plaintiff's serious medical needs. In short,

based on the record before the court, defendants' refusal to provide plaintiff with the pain

medication he preferred did not rise to the level of deliberate indifference in violation of the

Eighth Amendment.").[4]

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

The Clerk shall enter judgment and close the file.

This order terminates Docket No. 45.

**IT IS SO ORDERED**.

Dated:  May 19, 2014

_____
JON S. TIGAR
United States District Judge

---

[4] As the court has not found a constitutional violation, defendants' qualified immunity argument
will not be addressed.

10